IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WINKLER,

       Petitioner,

 v.

MICHAEL MEISNER,

       Respondent.

OPINION and ORDER

19-cv-630-jdp

---

  Michael Winkler, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Winkler pleaded guilty to one count of child abuse causing great bodily harm in Oneida County case number 2015CF172 and was sentenced to 10 years in prison. Winkler appealed, *see State v. Winkler*, No. 2015AP726-CRNM (Wis. Ct. App. filed Apr. 19, 2017), but his appellate counsel, attorney Roberta Heckes, sought to withdraw from the case and filed a no-merit report in accordance with *Anders v. California*, 386 U.S. 738 (1967).

  Winkler says that neither Heckes nor the court of appeals sent him a copy of the no-merit report, causing him to miss the deadline to file his response. Noting that Winkler had missed his deadline despite several extensions of time, the court of appeals concluded that there was no arguable merit to any issue that could be raised on appeal, granted Heckes's motion to withdraw, and summarily affirmed the conviction. *See* No. 2015AP726-CRNM (Wis. Ct. App. Feb. 27, 2019). A short time later, Winkler filed a belated response to Heckes's no-merit report with the court of appeals. The court construed the filing as a motion for reconsideration of its

---

[1] Winkler is now incarcerated at Redgranite Correctional Institution. Under Rule 2(a) of the Rules Governing Section 2254 Cases and Rule 25(d) of the Federal Rules of Civil Procedure, I have amended the caption to reflect that the proper respondent is Winkler's current custodian, Michael Meisner, the warden of Redgranite.

earlier order and denied it without analysis. *See* No. 2015AP726-CRNM (Wis. Ct. App. Mar. 28, 2019). Winkler sought review by the Wisconsin Supreme Court, but his petition was denied on July 10, 2019.

Winkler filed this habeas petition a few weeks later, contending that Heckes provided constitutionally ineffective assistance by failing to send him a copy of her no-merit report. (The petition does not discuss or include a copy of Heckes's no-merit report or Winkler's response to it, so the underlying substance of the claims asserted in those filings isn't clear.) The habeas petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." I conclude that Winkler's petition must be dismissed because he has failed to exhaust his remedies about his asserted problem of ineffective assistance of counsel in state court, which is a prerequisite to challenging the effectiveness of appellate counsel. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540, 545 (1992). Winkler may refile his habeas petition if and when he exhausts his claim in state court, so long as he does so within the one-year statute of limitations period imposed by 28 U.S.C. § 2244(d).

ANALYSIS

The only claim Winkler asserts in his petition is ineffective assistance of appellate counsel. Under the Sixth Amendment to the United States Constitution, criminal defendants are entitled to effective assistance of counsel on direct appeal. *Gallo-Vasquez v. United States*, 402 F.3d 793, 800 (7th Cir. 2005). But before I can consider the merits of any ineffective-assistance claim, Winkler must exhaust it by fully and fairly presenting it to the state courts so

that they have a meaningful opportunity to correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013); *see also* 28 U.S.C. § 2254(b)(1). Under Wisconsin law, the proper way to raise a claim of ineffective assistance of appellate counsel is by filing a motion under Wisconsin Statute § 974.06, the state-court equivalent of a petition for habeas corpus, in the court that heard the appeal. Those motions are more commonly known as "*Knight* petitions," after *State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992).

Winkler does not mention having filed a *Knight* petition, and a search of the state's electronic case management system indicates that he has not filed one. Accordingly, I will deny Winkler's habeas petition as unexhausted, without prejudice to him refiling it should his *Knight* petition proceedings prove unsuccessful.

There are two additional considerations that Winkler should bear in mind should he choose to pursue his ineffective-assistance claim further. First, Winkler should promptly file his *Knight* petition in the Wisconsin Court of Appeals or risk losing his ability to seek relief under § 2254 in federal court down the line. There is a one-year statute of limitations for petitions brought under § 2254, which runs from certain specified dates. *See* 28 U.S.C. § 2244(d). Here, the relevant date is most likely the date Winkler's judgment of conviction became final. According to the state's electronic case management system, that was July 10, 2019, when the Wisconsin Supreme Court denied review of his direct appeal. Winkler's one-year clock for filing a federal habeas petition on that conviction began running 90 days later, on October 8, 2019. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court).

3

With roughly ten months remaining, Winkler does not risk running afoul of the statute of limitations so long as he diligently pursues his *Knight* petition. As soon as Winkler properly files the *Knight* petition with the Wisconsin Court of Appeals, his habeas clock will stop, and it will remain stopped during the entire time that the motion is pending. *See* 28 U.S.C. § 2244(d)(2). An application for postconviction relief is "properly filed" under § 2244(d)(2) once it is accepted by the state courts. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The clock won't start again until Winkler receives a final decision from the Wisconsin Supreme Court on any appeal of his *Knight* petition, so long as Winkler doesn't miss any deadlines for filing a petition for review. *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000). The only time that will count against Winkler's habeas clock is the time leading up to his filing of the *Knight* petition and the time between the conclusion of the state-court proceedings and the filing of a new federal habeas petition. So Winkler should promptly file the *Knight* petition to avoid statute-of-limitations problems.

The second consideration that Winkler should bear in mind is that prevailing on an ineffective assistance of counsel claim requires demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 362, 390–91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffectiveness, a defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, he must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Winkler did not include with his habeas petition Heckes's no-merit report or his belated response to it, nor did he discuss how Heckes's alleged failure to send him a copy of her report

4

made a difference to the outcome of the proceedings. In any *Knight* petition or § 2254 petition that Winkler files in the future, he will need to explain how Heckes's error prejudiced him.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Michael Winkler pursuant to 28 U.S.C. § 2254 is DENIED and this case is DISMISSED without prejudice. The clerk of court is directed to close this case.

Entered January 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge