IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WINKLER,

                        Petitioner,

v.                                                                 ORDER

MICHAEL MEISNER,                                19-cv-630-jdp

                        Respondent.

---

Michael Winkler filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2016 conviction for one count of child abuse causing great bodily harm. I dismissed the petition without prejudice in a previous order, concluding that Winkler had failed to exhaust his state court remedies. Dkt. 4. I stated that because Winkler was challenging the effectiveness of his appellate counsel, he needed to file a petition in the Wisconsin Court of Appeals under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Winkler filed two motions for reconsideration of the dismissal order, which I denied on the grounds that he had not yet shown that he had properly filed a *Knight* petition. Dkt. 7 and Dkt. 9. Now Winkler has filed three additional motions for reconsideration in which he argues that the court erred by dismissing his original petition. Dkt. 14; Dkt. 15; Dkt. 16.

I will grant Winkler's motion for reconsideration and will reopen this case. Upon further review of Winkler's state court proceedings, it appears that Winkler may have exhausted at least some of his ineffective assistance of appellate counsel claims by responding to his appellate counsel's no-merit brief in the Wisconsin Court of Appeals. Winkler says that he identified claims in his no-merit response that appellate counsel should have raised. If he presented constitutional claims, the Wisconsin Court of Appeals reviewed and rejected those claims, and

Winkler filed a petition for review with the Wisconsin Supreme Court, then Winkler properly exhausted those claims in state court. Winkler would not need to, and would not be permitted to, file a *Knight* petition or any other postconviction motion to reassert claims that he raised already in his no-merit response. *See State ex rel. Funches v. Smith*, 2013 WI App 94, ¶ 7, 349 Wis. 2d 525, 835 N.W.2d 290 (arguments rejected in no-merit proceedings may not be relitigated in subsequent postconviction proceeding); *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding."). Winkler has not submitted his no-merit response to the court, so I cannot determine which claims he raised and exhausted in the state courts. I will reopen this case so that Winkler can provide more information about which claims he raised in his no-merit response.

Winkler also must clarify which ineffective assistance of counsel claims he wants to raise in his federal habeas petition. In his original petition, Winkler stated only that his appellate counsel was ineffective. But Winkler needs to provide more information about why he thinks his counsel was constitutionally ineffective. If he is arguing that appellate counsel was ineffective for failing to challenge trial counsel's errors, he must (1) explain why trial counsel's performance fell below an objective standard of reasonableness; and (2) show that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart, 474 U.S. 52, 57 (1985)* (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). If Winkler is arguing that appellate counsel was ineffective for failing to challenge trial court decisions, he must explain how those decisions prejudiced him. *Id.* After Winkler files a supplement providing additional information about his habeas claims and whether he exhausted them during the no-merit proceedings in

2

state court, I will review the supplement and determine whether to order a response from the state.

ORDER

IT IS ORDERED that

1. Petitioner Michael Winkler's motions for reconsideration, Dkt. 14; Dkt. 15; Dkt. 16, are GRANTED.

2. The January 7, 2020 judgment dismissing this case, Dkt. 4, is VACATED, and this case is REOPENED.

3. Petitioner may have until April 21, 2022 to file a supplement to his petition identifying specifically (1) the claims of ineffective assistance of appellate counsel that he is raising in his federal habeas petition, and (2) whether he raised those claims in his no-merit response brief in the Wisconsin Court of Appeals.

Entered March 24, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge