IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL WINKLER,

                Petitioner,

v.                                                ORDER

MICHAEL MEISNER,                        19-cv-630-jdp

                Respondent.

---

In response to my order, petitioner Michael Winkler has filed a second amended petition under 28 U.S.C. § 2254. Winkler raises four claims for relief. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the second amended petition and supporting exhibits and dismiss the second amended petition if it "plainly appears" that Winkler is not entitled to relief. I may take judicial notice of records in Winkler's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). Because Winkler's first and second claims are frivolous and clearly deficient, I will dismiss them without leave to amend. I will dismiss Winkler's third and fourth claims as insufficiently pleaded but allow him to file a third amended petition to fix this problem.

Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), Winkler pleaded guilty to one count of child abuse causing great bodily harm, in violation of Wis. Stat. § 948.03(2)(a). Dkt. 31 at 1; *State v. Winkler*, No. 2017AP726-CRNM, 2019 WL 13184955, at *1 (Wis. Ct. App. Feb. 27, 2019). The trial court "imposed an indeterminate sentence of ten years in prison." *Winkler*, 2019 WL 13184955, at *1.


Winkler's counsel filed a no-merit report in the state court of appeals. *Id.* According to that court, "[c]ounsel provided Winkler with a copy of the report, and both counsel and this court advised [Winkler] of his right to file a response." *Id.* The state court of appeals also found that Winkler did not respond. *Id.*

The state court of appeals summarily affirmed Winkler's conviction, concluding that the record disclosed no issues of arguable merit. *Id.* at *1–2. As relevant here, the court determined that "Winkler's plea was entered knowingly, voluntarily, and intelligently," and that the record showed "no other ground to withdraw the plea." *Id.* at *1. The state supreme court denied Winkler's petition for review. Dkt. 31 at 2.

In his first claim, Winkler contends that the trial court did not have jurisdiction because: (1) he allegedly committed the underlying offense in 1994; and (2) a 6-year statute of limitations applied. Dkt. 1 at 5. This claim is frivolous. Winkler was convicted of violating Wis. Stat. § 948.03(2)(a). At all relevant times, Wisconsin law provided that prosecutions for violations of § 948.03(2)(a) "shall be commenced before the victim reaches the age of 45 years." Wis. Stat. § 939.74(2)(a)2(c). Winkler has conceded that the victim was 31 years old in 2015. Dkt. 30-1. I will dismiss this claim without leave to amend.

In claim two, Winkler alleges that the victim falsely stated that Winkler abused him and lacked credibility because the victim is a registered sex offender. *See* Dkt. 31 at 7. Winkler appears to contend that trial counsel provided ineffective assistance by failing to challenge the victim's credibility. *See id.*

Claims of ineffective assistance of trial counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, Winkler must show that trial counsel's performance was deficient and that the

deficient performance prejudiced his defense. *Id.* at 687 (1984). To prove deficient performance, Winkler must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Winkler must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Conclusory claims of ineffective assistance do not satisfy *Strickland*. *See id.* at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component.").

Here, Winkler admits that trial counsel knew of the victim's criminal history and tendency to lie. *See* Dkt. 31 at 7. So any allegation that trial counsel provided ineffective assistance by failing to investigate the victim's alleged perjury would fail. Winkler does not identify any acts or omissions by trial counsel that would constitute deficient performance. Nor has Winkler explained how trial counsel's allegedly deficient performance prejudiced him, especially considering his guilty plea. Winkler entered an *Alford* plea, which allowed him to "plead[] guilty while either maintaining his innocence or not admitting having committed the crime." *State v. Nash*, 2020 WI 85, ¶ 2. Because Winkler maintained his innocence when he pleaded guilty, there is no indication that trial counsel's alleged failure to challenge the victim's credibility affected his decision to plead guilty. Because claim two is conclusory and clearly deficient, I will dismiss it without leave to amend.

In claim three, Winkler contends that his "plea bargain" was unlawful and violated "TIS" and "ex post facto." Dkt. 31 at 8. In support, Winkler alleges that trial counsel had him "sign a waiver of right so [he] could accept this bargain." *Id.* Winkler adds: "Then at the plea hearing they said they would not charge me from my 1988 cases which was closed." *Id.*

Section 2254 petitions must be "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). I need not "need not hold an evidentiary hearing for vague or conclusory allegations." *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018). Here, the allegations supporting claim three are vague, conclusory, and unclear. This claim is insufficiently pleaded.

In claim four, Winkler contends that appellate counsel provided ineffective assistance. Dkt. 31 at 10. In support, Winkler alleges that appellate counsel did not raise the arguments that he raises here in claims one through three. *See id.* Winkler also alleges that appellate counsel failed to adequately consult with him or give him a copy of her no-merit report. *Id.*

*Strickland* governs a claim of ineffective assistance of appellate counsel. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). As relevant here, to prevail on this claim, Winkler "must show that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised [in the no-merit report] and that prejudice flowed from that failure." *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Prejudice exists if there is a reasonable probability that the issue that appellate counsel "failed to raise would have altered the outcome of the appeal, had it been raised." *Id.*; *see also Ramirez v. Tegels*, 963 F.3d 604, 613 (7th Cir. 2020).

4

Here, Winkler bases claim four on the alleged errors he describes in claims one through three. But, as I've explained, claims one and two are clearly deficient, and claim three is insufficiently pleaded. So Winkler's claims do not support a claim that his appellate counsel was ineffective. *See Johnson*, 624 F.3d at 793. Also, Winkler's assertion that appellate counsel failed to adequately consult with him is too conclusory to support a claim of ineffective assistance of appellate counsel. *See Strickland*, 466 U.S. at 690; *Farr*, 297 F.3d at 658. Winkler has conceded in prior filings that appellate counsel corresponded with him, Dkt. 18, and it is undisputed that appellate counsel filed a notice of appeal and no-merit report. Winkler has not alleged how counsel's alleged failure to adequately communicate with him prejudiced him. Winkler may be alleging that he would have been able to file a response to counsel's no-merit report had counsel provided him with a copy. But the state court of appeals determined that appellate counsel gave him a copy of her no-merit report and advised him of his right to respond. *Winkler*, 2019 WL 13184955, at *1. Winkler's conclusory allegations are insufficient to show that this factual determination was "unreasonable." *See* 28 U.S.C. § 2254(d)(2); *see also Wood v. Allen*, 558 U.S. 290, 301 (2010) (mere reasonable disagreement with state court's factual determination fails to show that determination was unreasonable). Claim four is partly frivolous and partly insufficiently pleaded.

I will dismiss claims one and two without leave to amend. I will dismiss claims three and four with leave to amend. Winkler may not raise any new claims for relief in his third amended petition. Nor may Winkler attempt to support claim four by relying on the facts that relate to claims one and two, as I have dismissed these claims without leave to amend. Winkler's sole task in his third amended petition is to clarify and provide the facts to support claims three and four.

5

I have already given Winkler more than one opportunity to allege a sufficient § 2254 petition, which he has yet to do. Winkler has also filed several supplements which, as I've discussed in other orders, have also been insufficient. I caution Winkler that, if his third amended petition does not comply with Rule 4, or is otherwise deficient, I will dismiss it without leave to amend. Because this case has been pending since 2019, any future § 2254 petition may be dismissed as untimely.

ORDER

IT IS ORDERED that:

1. Petitioner's second amended petition, Dkt. 31, is DISMISSED IN PART. As a result, claims one and two of the second amended petition are DISMISSED without leave to amend, and claims three and four of the second amended petition are, as provided in this order, DISMISSED with leave to amend.

2. Petitioner may have until January 18, 2023 to file a third amended petition in accordance with this order. Petitioner must file the third amended petition on this court's form for § 2254 cases, which the clerk of court will send him with this order. Petitioner must fill out all sections of the form completely. If petitioner needs additional space to allege his claims, he may submit up to three supplemental pages.

3. If petitioner fails to comply with this order, the court will dismiss this case for any appropriate reason.

4. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered December 29, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge